UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORY RITTER,

       Plaintiff,

-against-

OFC MONTOYA; OFC DOE; NURSE STILES; DOCTOR OF RECORD, MCC MANHATTAN,

       Defendants.

20-CV-0114 (JGK)

ORDER OF SERVICE

JOHN G. KOELTL, United States District Judge:

  Plaintiff, currently incarcerated in Metropolitan Correctional Center in Chicago, Illinois, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights when he was incarcerated in the Metropolitan Correctional Center ("MCC") in Manhattan. By order dated February 4, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

## DISCUSSION

**A. Service on Named Defendants**

  Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Officer Montoya and Nurse Stiles through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to (1) mark the box on the USM-285 forms labeled "Check for service on U.S.A."; and (2) issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.  John Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the United States Bureau of Prisons to identify (1) the John Doe correction officer working with Officer Montoya at MCC on or around December 29, 2018, whom Plaintiff describes as of "Puerto Rican descent, 6' tall, 175 lbs, short black hair"; and (2) the doctor of record at MCC who was treating Plaintiff on or around December 29, 2018. It is

2

therefore ordered that the U.S. Attorney's Office for the Southern District of New York, which is the attorney for and agent of the U.S. Bureau of Prisons, must ascertain the identity of each John Doe whom Plaintiff seeks to sue here and the address where each defendant may be served. The U.S. Attorney's Office must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendant(s). The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to (1) complete the USM-285 forms with the addresses for Officer Montoya and Nurse Stiles; (2) check the box on the USM-285 forms labeled "Check for service on U.S.A.; and (3) deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is directed to mail a copy of this order and the complaint to the United States Attorney for the Southern District of New York at: One St. Andrews Plaza, New York, New York 10007.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

3

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:
    New York, New York
    February 21, 2020

                                          /s/ John G. Koeltl
                                          JOHN G. KOELTL
                                      United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Officer Montoya
   Metropolitan Correctional Center
   150 Park Row
   New York, NY 10007

2. Nurse Stiles
   Metropolitan Correctional Center
   150 Park Row
   New York, NY 10007