**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————————

**GREGORY RITTER,**

      **Plaintiff,**

   **- against -**

**HECTOR MONTOYA, ET AL.,**

      **Defendants.**
————————————————————————

**20-cv-114 (JGK)**

**MEMORANDUM OPINION AND**
**ORDER**

**JOHN G. KOELTL, District Judge:**

 The pro se plaintiff, Gregory Ritter, brings this action pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), against Officer Hector Montoya, an individual identified as Nurse Stiles, and two unnamed individuals.  Mr. Ritter alleges that he was exposed to smoke when a light in his jail cell caught fire and that the defendants did not provide adequate medical treatment.  Mr. Ritter alleges that the lack of adequate medical treatment amounted to deliberate indifference in contravention of the Eighth Amendment.  The defendants moves to dismiss the complaint.  For the following reasons, the defendants' motion to dismiss is **granted.**

**I**

 Unless otherwise indicated, the following facts are taken from the Complaint and accepted as true for the purposes of the motion to dismiss.

On or about December 29, 2018,[1] Mr. Ritter was housed at the Metropolitan Correctional Center (the "MCC") in Manhattan when the light in his cell began to spark and smoke. Compl. at 5. It is unclear from the Complaint and the other papers submitted whether Mr. Ritter's incarceration was pre-trial or post-conviction incarceration. When the light first started to spark, Mr. Ritter reported it to the officers on duty, who failed to respond. Id. Later in the night, the smoke got worse, at which point Mr. Ritter woke up coughing from smoke inhalation and yelled for help. Id. Officer Montoya and another unnamed officer entered the cell, handcuffed Mr. Ritter, and removed him from the cell. Id.

After being removed from the cell, he requested medical attention, and he was seen by Nurse Stiles. Id. at 5-6. Nurse Stiles told him that he "was ok" but that a doctor would see him. Id. at 6. The following day, a doctor came and spoke to him through the door of his cell, told him to wash his eyes out, but did not conduct any type of examination. Id. The plaintiff requested further medical assistance, but he did not receive any further medical attention. Id. He suffered "massive discharge" from his eyes. Id. at 6-7. The plaintiff also requested his

---

[1] In the Complaint, Mr. Ritter lists the date as December 29, 2019. However, he was transferred out of the MCC in January 2019 and not present on December 29, 2019. In his response to the defendants' motion to dismiss, Mr. Ritter lists the date as December 29, 2018.

prescribed medicine from Nurse Stiles, but the facility did not provide it.  Id. at 7.

The Bureau of Prisons (the "BOP") has not successfully located a nurse named Stiles who worked at the MCC during the relevant period.  The Government also notes that it does not represent the unnamed officers.  Therefore, the Government brings this motion to dismiss only on behalf of Officer Montoya.

Mr. Ritter filed an opposition to the motion to dismiss, and the Government filed a reply to Mr. Ritter's opposition.  On September 29, 2020, Mr. Ritter requested an opportunity to file a sur-reply.  ECF No. 29.  On December 29, 2020, the Court entered an Order authorizing Mr. Ritter to file a sur-reply by January 14, 2021.  ECF No. 30.  On January 20, 2021, Mr. Ritter filed an application dated January 12, 2021, requesting a six-month extension of time to answer or reply to any motion because he has tested positive and has symptoms of COVID-19.  However, that application is denied because there is no right to file a sur-reply brief and, for the reasons explained below, any sur-reply would be futile at this time.

## II

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir.

2007).[2]  The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).  The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.  In deciding such a motion, a court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that either are in the plaintiff's possession or were known to the plaintiff when the plaintiff brought suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir.

---

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

4

2002); Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993).

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.; see also Yajaira Bezares C. v. The Donna Karan Co. Store LLC, No. 13-CV-8560, 2014 WL 2134600, at *1 (S.D.N.Y. May 22, 2014).

## III

The Government argues that the Complaint should be dismissed for three reasons: (1) the plaintiff did not exhaust administrative remedies as required by the Prison Litigation Reform Act (the "PLRA"); (2) the complaint fails to allege adequately an Eighth Amendment violation; and (3) Officer Montoya is entitled to qualified immunity.

## A

Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title,

or any other Federal law, by a prisoner confined in any jail,
prison, or other correctional facility until such administrative
remedies as are available are exhausted."  42 U.S.C. § 1997e(a).
The administrative exhaustion requirement applies to "all inmate
suits about prison life."  Porter v. Nussle, 534 U.S. 516, 532
(2002).  Specifically, the PLRA's exhaustion requirement applies
to suits alleging inadequate medical treatment.  See, e.g.,
Tolliver v. New York State Dep't of Correctional Servs., No.
08-cv-4561, 2009 WL 618371, at *3 (S.D.N.Y. March 12, 2009).

The administrative remedies available to the plaintiff are
established by the BOP.  See 28 C.F.R. §§ 542.10-.19
(establishing the BOP's Administrative Remedy Program); see also
Alvarez v. Sommer, No. 17-cv-1178, 2018 WL 3242271, at *4
(S.D.N.Y. July 3, 2018) (dismissing inadequate medical care
claim for failure to exhaust the Administrative Remedy Program).
Pursuant to these regulations, an inmate must first attempt an
informal resolution of the inmate's grievance.  28 C.F.R.
§ 542.13(a).  If unsuccessful, the inmate can submit an
Administrative Remedy Request to the Warden.  Id. § 542.14(a).
If the inmate is unsatisfied with the resolution of that
request, the inmate can appeal to the Regional Director of the
BOP.  Id. § 542.15(a).  If still unsatisfied, the inmate can
appeal the decision of the Regional Director to the General
Counsel's Office.  Id.  The inmate exhausts administrative

6

remedies only after receiving a decision from the General Counsel's Office.  See Alvarez, 2018 WL 3242271, at *4.

In this case, the plaintiff did not exhaust his administrative remedies.  He has not alleged any participation in the administrative process, and the defendants submitted a declaration from a member of the BOP who stated under oath that Mr. Ritter has not "filed a request for administrative remedy at any level" regarding the issues of this case.  Summers Decl. ¶ 5.  Because Mr. Ritter has failed to exhaust his administrative remedies, his complaint must be dismissed.  See 42 U.S.C. § 1997e(a); see, e.g., Alvarez, 2018 WL 3242271, at *4; Tolliver, 2009 WL 618371, at *5.  This dismissal applies to all claims against all defendants.

**B**

The Government further argues that Officer Montoya was not deliberately indifferent to Mr. Ritter's medical needs.  It is not clear if Mr. Ritter was incarcerated on pre-trial detention or serving his post-conviction sentence.  "A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eight Amendment."  Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017).  In bringing a claim under the Eight Amendment or the Fourteenth Amendment, the plaintiff must allege that the conduct

7

was objectively and subjectively unreasonable.  The plaintiff satisfies the "objective prong" by alleging that the conditions were sufficiently serious to constitute a deprivation of due process, and a plaintiff satisfies the "subjective prong" by alleging that that the defendants acted with at least deliberate indifference to the challenged conditions.  Id. at 29, 35.  In this case, dismissal of the claim against Officer Montoya is appropriate regardless of whether the claim is interpreted as an Eighth Amendment or Fourteenth Amendment claim.

The plaintiff has satisfied the objective prong of his claim.  "Under both the Eighth and Fourteenth Amendments, to establish an objective deprivation, the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health[.]"  Id. at 30.  The plaintiff alleged that he was locked in a prison cell where a fire started and he suffered injury from exposure to smoke.  While the Government contends that the massive discharge from Mr. Ritter's eyes is insufficiently serious, Mr. Ritter was subjected to extremely dangerous conditions and suffered an injury as a result.  "[P]risoners may not be deprived of their basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety—and they may not be exposed to conditions that pose an unreasonable risk of serious damage to their future health."  Jabbar v. Fischer, 683 F.3d 54, 57 (2d Cir. 2012).

8

Without a more complete factual record, it cannot be said, as a matter of law, that Mr. Ritter's injuries are insufficiently serious.  Moreover, the plaintiff alleges that he was prescribed medication that was withheld from him.  Accepting those allegations as true, Mr. Ritter has satisfied the objective prong of the Eight Amendment and Fourteenth Amendment analysis. See Blissett v. Coughlin, 66 F.3d 531, 537 (2d Cir. 1995) ("[T]he conditions themselves must be evaluated in light of contemporary standards of decency.").

The plaintiff has not satisfied the subjective prong of a claim of unconstitutional conditions of confinement.  The "subjective prong" or "mental element prong" of the analysis is different in the Eighth Amendment and Fourteenth Amendment contexts.  Darnell, 849 F.3d at 34-35.  In the context of the Fourteenth Amendment, "the pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." Id. at 35.  Under the Eighth Amendment, "a prison official cannot be found liable . . . for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the

official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

Under either mental element test, it is plain that the allegations in the Complaint are insufficient to state a claim against Officer Montoya.[3]  When Mr. Ritter awoke in the middle of the night, he shouted for help.  Officer Montoya removed Mr. Ritter from his cell and summoned medical help.  Under either standard of the mental element prong, there are insufficient allegations to show that Officer Montoya failed to act with reasonable care or disregarded an excessive risk to Mr. Ritter. Mr. Ritter has failed to allege what more Officer Montoya could have done in addition to removing Mr. Ritter from the cell where the fire was and allowing him to be seen by Nurse Stiles. Therefore, Mr. Ritter has failed to allege adequately that Officer Montoya acted with deliberate indifference to the incident.

Accordingly, Mr. Ritter has failed to plead adequately an Eighth Amendment or Fourteenth Amendment claim against Officer Montoya.

---

[3] Because the motion to dismiss on this issue has not been briefed with respect to the other defendants, it is not possible to address the mental element prong as it applies to Nurse Stiles and the unnamed defendants.

C

The Government also argues that Officer Montoya is shielded from liability by qualified immunity.  "Qualified immunity protects public officials from liability for civil damages when one of two conditions is satisfied: (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law."  <u>Garcia v. Does</u>, 779 F.3d 84, 92 (2d Cir. 2015).

For the same reasons that Mr. Ritter's claim fails as against Officer Montoya, it is plain that Officer Montoya is entitled to qualified immunity.[4]  Mr. Ritter has failed to point to a specific action by Officer Montoya that violated clearly established law.  Officer Montoya removed Mr. Ritter from his cell when Officer Montoya was alerted to the fire. Subsequently, Officer Montoya summoned Nurse Stiles to attend to Mr. Ritter.  Because Officer Montoya's actions did not violate clearly established law, and because it was objectively reasonable for Officer Montoya to believe that his actions did not violate clearly established law, he is entitled to qualified immunity.  <u>Garcia</u>, 779 F.3d at 92.

---

[4] Because the motion to dismiss on this issue has not been briefed with respect to the other defendants, who have not been identified, it is not possible to assess a qualified immunity claim for the other defendants.

**CONCLUSION**

The Court has considered all of the arguments raised by the parties.  To the extent not specifically addressed, the arguments are either moot or without merit.  For the reasons explained above, the motion to dismiss against all defendants is **granted** without prejudice because Mr. Ritter failed to exhaust his administrative remedies.  The motion to dismiss the Complaint, as against Officer Montoya, is also **granted** without prejudice for the independent reasons that Mr. Ritter failed to state a claim against him and that Officer Montoya is entitled to qualified immunity.  The Complaint is dismissed without prejudice because it cannot be said that an amended complaint would be futile after the plaintiff has exhausted his administrative remedies.  The Clerk is directed to close Docket Nos. 15 and 31.  The Clerk is also directed to mail a copy of this Memorandum Opinion and Order to the pro se plaintiff at the docket address.

        **SO ORDERED.**

**Dated:    New York, New York**
        **January 21, 2021**            _____/s/ John G. Koeltl_____
                                              **John G. Koeltl**
                                **United States District Judge**

12